UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| KAVON WALTER MOSLEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 13-CV-11-HRW |
| ) | |
| v. ) | |
| ) | |
| MICHAEL SEPANEK, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Kavon Walter Mosley is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Mosley has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [D. E. No. 1] Mosley has paid the $5.00 filing fee.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Mosley's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Mosley's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny it because Mosley can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

In May 2004, a federal grand jury in Georgia returned a superseding indictment charging Mosley with two counts of distribution of 50 grams or more of crack cocaine, one count of possession with intent to distribute 50 grams or more of crack cocaine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm by a convicted felon. *United States v. Mosley*, No. 4:04-cr-00079-BAE (S.D. Ga. 2004) [D. E. No. 20 therein]. Mosley pleaded guilty to count two of the indictment, distribution of 50 grams or more of crack cocaine. [D. E. No. 32 therein]

Because Mosley had prior convictions for terroristic threats and possession of a controlled substance with intent to distribute, and because he was 18 years or older at the time he committed the controlled substance offense, he qualified as a career offender under U.S.S.G. § 4B1.1. Based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), Mosley objected to the Pre-Sentence Investigation Report and specifically, the enhancement of his sentence

based on his prior convictions. [D. E. No. 33 therein] On October 27, 2004, the court sentenced Mosley to a 274-month prison term followed by a 5-year supervised release term. [R. 35, therein] Mosley did not appeal his sentence.

In November 2005, Mosley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that his counsel was ineffective for failing to advise him to appeal despite cases then pending before the Supreme Court challenging the validity of the federal sentencing guidelines. [D. E. No. 38 therein] Mosley cited no authority in support of his argument, but the magistrate construed his Sixth Amendment claim as one falling under *Booker v. United States*, 543 U.S. 220 (2005).[1] [D. E. No. 6, p. 5, therein]

The magistrate recommended that Mosley's § 2255 motion be denied because (1) Mosley's conviction became final prior to January 12, 2005, the date on which *Booker* was rendered; (2) *Booker* did not apply retroactively to cases on collateral review; (3) even if *Booker* applied retroactively, Mosley did not establish that his attorney's alleged errors had actually prejudiced him; and (4) the enhancement of Mosley's sentence based on his prior convictions did not violate *Booker*. [D. E. No. 6, pp. 5-7, therein]. The district court adopted the Report and Recommendation and

---

[1] In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 756.

denied the § 2255 motion. *Mosley v. United States*, No. CV405-207, CR404-079, 2007 WL 196845, at *2-3 (S.D. Ga. Jan. 22, 2007).

In June 2012, Mosley filed a second § 2255 motion in the district court, challenging his drug conviction under the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011). *Mosley v. United States*, No. 4: 12-CV-172-BAE-GRS (S. D. Ga. 2012). In *DePierre*, the Supreme Court held that "cocaine base" as used in 21 U.S.C. § 841(b)(1) refers not just to crack cocaine, but to all cocaine in its base form. *DePierre*, 131 S. Ct. at 2231-32. Mosley argued that in light of *Depierre*, the indictment under which he was charged violated the Fifth Amendment's due process clause because it failed to specify the type of cocaine case that he distributed; that he was charged with and convicted of a nonexistent drug offense; and that *DePierre* applied retroactively to him. [D. E. No. 1 therein]

The magistrate recommended denying the § 2255 motion for lack of jurisdiction, denying a certificate of appealability, and certifying that any appeal would be frivolous, on the grounds that Mosley had not obtained the Eleventh Circuit Court of Appeals' permission to file a second or successive § 2255 motion. [D. E. No. 3 therein] On August 3, 2012, the district court adopted the magistrate's Report and Recommendation and dismissed Mosley's motion as an unauthorized second and successive § 2255 motion. [D. E. No. 5 therein]

In his § 2241 petition, Mosley again collaterally challenges his conviction, arguing that because *Depierre* was rendered after he filed his first § 2255 motion, it applies retroactively to cases on collateral appeal, and that he can proceed under § 2241 because his remedy under § 2255 was inadequate and ineffective to test the legality of his conviction and detention.

## DISCUSSION

Mosley is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of Section 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his conviction and sentence are unconstitutional because at sentencing, he was sentenced for having conspired to distribute "crack" cocaine, but the indictment does not charge such an offense, only charging a conspiracy to distribute "cocaine." Mosley contends that since *DePierre* recognizes the different chemical composition between cocaine hydrochloride (the typical powder cocaine) and cocaine base ("crack cocaine"), his sentence is unconstitutionally excessive and should be reduced.

However, § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that

occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Mosley's claim under *DePierre* does not fall within this exception. Unlike a case such as *Bailey v. United States*, 516 U.S. 137 (1995), which by statutory interpretation *narrowed* the scope of conduct proscribed by the statute of conviction,

the Supreme Court in *DePierre* expressly refused to limit the scope of § 841(b)(1) to "crack" cocaine, instead reaffirming its broad application to all forms of "cocaine base." *DePierre*, 131 S. Ct. at 2232. Thus, unlike *Bailey*, the *DePierre* decision did not create a new class of prisoners who "found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law." *Lott*, 105 F. App'x at 15. Because "the *DePierre* decision did not de-criminalize the conduct for which he was convicted [a petitioner cannot] satisf[y] the requirements of § 2255's savings clause." *Biggins v. Haynes*, No. CV212-024, 2012 WL 2254588, at *3 (S.D. Ga. May 8, 2012).

The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516

U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Mosley can not make that showing because *DePierre* is not retroactively applicable to cases on collateral review. *Hughes v. United States*, 3:08-CR-106-S, 2012 WL 3947606, at *1 (W.D. Ky. Sept. 10, 2012); *United States v. Crump*, No. 7:06-CR-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012). The two federal appellate courts which have addressed this issue have held that for each of these reasons, claims predicated upon *DePierre* are not cognizable in habeas petitions filed under § 2241. *Wilson v. United States*, 475 F. App'x 530 (5th Cir. 2012) ("*DePierre* did not decriminalize [petitioner]'s criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 2012 WL 2924020, at *2 (11th Cir. July 19, 2012) ("[Petitioner] has not shown that *DePierre* [] [is] retroactive ..."); *see also Wallace v. United States*, Nos. 4:12-CV-388-A, 4:07-CR-039-A, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012) ("*DePierre* has not been recognized [as] or declared a retroactively applicable Supreme Court decision. It only clarified existing law."). *See also Yates v. Bledsoe*, No. 12-2143, 2012 WL 4857779, at *2 (3d Cir. Oct. 15, 2012) (noting that *Depierre* has not been found to apply retroactively).

For these reasons, Mosley has not demonstrated that he is entitled to relief from his conviction and sentence under § 2241. His petition will be denied and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Kavon Walter Mosley's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This March 25, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge